Patrick C. Dunican, Jr.
Robert C. Brady
Timothy J. Duva
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey  07102-5310
(973) 596-4500

pdunican@gibbonslaw.com
rbrady@gibbonslaw.com
tduva@gibbonslaw.com

*Attorneys For Defendant
AAMCO Transmissions, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMMANUEL OTOIGIAKHI, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>AAMCO TRANSMISSIONS, INC.,<br><br>    Defendant. | *Document Electronically Filed*<br><br>Civil Action No.: _____<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Middlesex County, Chancery Division, MID-C-144-11] |

TO:   The Judges of the United States District
      Court for the District of New Jersey

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant AAMCO Transmissions, Inc. (hereinafter "AAMCO") hereby removes the above-entitled action from the Superior Court of New Jersey, Chancery Division, Middlesex County, to the United States District Court for the District of New Jersey.  For the reasons stated below, removal of this action is proper because AAMCO is a citizen of both Delaware and Pennsylvania, while Plaintiff is a citizen of New Jersey.  Additionally, the amount in controversy in this matter exceeds $75,000.00.  This Court therefore has diversity jurisdiction under 28 U.S.C. § 1332.

## I. PROCEEDINGS TO DATE

1. On or about July 14, 2011, Plaintiff Emmanuel Otoigiakhi commenced the instant action by filing a Verified Complaint in the New Jersey Superior Court, Chancery Division, Middlesex County.[1]  A true and correct copy of the Verified Complaint is attached hereto as Exhibit A and is incorporated herein by reference.

2. On July 19, 2011, and based on the allegations contained in the Verified Complaint, Plaintiff filed an Order to Show Cause seeking temporary restraints, as well as a Certification of Emmanuel Otoigiakhi in support of that application.  True and correct copies of Plaintiff's Order to Show Cause and Certification of Emmanuel Otoigiakhi are attached hereto as Exhibits B and C, respectively.  Plaintiff's Order to Show Cause and supporting documents were then assigned a Chancery Division docket number (MID-C-144-L).

3. Thereafter, AAMCO received Plaintiff's Verified Complaint, Order to Show Cause, and supporting documents.

## II. GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

4. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. As stated below, this action satisfies all requirements for federal subject matter jurisdiction under 28 U.S.C. § 1332(a).

### A.   Complete Diversity of Citizenship Exists Between the Parties

6. Before a federal court may exercise subject matter jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties.  Cohen v. Kurtzman, 45 F. Supp. 2d 423, 430 (D.N.J. 1999) (internal citations omitted).  "Complete

---

[1] While Plaintiff styled his Verified Complaint as pending in the New Jersey Superior Court, Chancery Division, it was erroneously assigned a Law Division docket number (MID-L-5090-11) at the time of filing.  Plaintiff's counsel has since acknowledged that this was the result of a ministerial error and that Plaintiff's claims were only ever intended to be filed in the Chancery Division.

diversity exists when the parties 'on one side of the controversy are citizens of different states from all the parties on the other side.'" Id. (internal citations omitted).

7. For purposes of determining whether diversity jurisdiction is proper, "[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010).

8. Plaintiff Emmanuel Otoigiakhi is an individual and, upon information and belief, a citizen of the State of New Jersey.

9. Defendant AAMCO is a Delaware corporation with its principal place of business in Horsham, Pennsylvania.

10. Complete diversity therefore exists in this matter because AAMCO is not a citizen of the same state as Plaintiff.

### B. The Amount in Controversy Exceeds $75,000.00

11. The Court may only exercise subject matter jurisdiction pursuant to 28 U.S.C. 1332(a) if complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. "The amount in controversy is determined from the good faith allegations in the complaint." Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999).

12. Here, Plaintiff claims that AAMCO improperly terminated the parties' Franchise Agreement. Ex. A, V. Compl., ¶ 21. Plaintiff further alleges that his termination was based on a dispute with AAMCO over at least $340,000.00 in unreported/underreported income. Ex. A, ¶ 6. Plaintiff also implies that AAMCO's allegedly improper termination will cause him to close his business. Id., ¶ 11 (stating that AAMCO "will not care if they close a shop."). Plaintiff has certified that he paid $244,000.00 for that franchise. Ex. C, Certif. of Emmanuel Otoigiakhi, ¶ 3. As such, Plaintiff cannot demonstrate, to a "legal certainty," that the amount in controversy is

less than $75,000, and the jurisdictional requirements of 28 U.S.C. § 1332(a) are therefore satisfied.

### III.  VENUE

13.  Plaintiff filed the Verified Complaint in the Superior Court of New Jersey, Chancery Division, Middlesex County, which is within this judicial district.  See 28 U.S.C. § 84(c)(2).  This Court is therefore the proper court for removal under 28 U.S.C. §§ 1441(a) & 1446(a).

### IV.  CONSENT

14.  As AAMCO is the only defendant named in this matter, there is no other defendant from which consent must be obtained for this removal.

### V.  TIMELINESS

15.  This Notice of Removal is timely filed because thirty days have not yet expired since AAMCO received the Verified Complaint.

16.  As of this date, neither AAMCO nor any other party has filed any responsive pleading and no other proceedings have taken place in this action.

### VI.  NOTICE

17.  AAMCO will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, in the form attached hereto as Exhibit D, will be filed with the clerk of the Superior Court of New Jersey, Chancery Division, Middlesex County.[2]

### VII.  CONCLUSION

18.  This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(c).

---

[2] In light of the erroneous docketing of the Verified Complaint in the Law Division, AAMCO will also provide a copy of the Notice of Filing Notice of Removal to the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.

19.     Based on the foregoing, AAMCO respectfully requests that this action proceed in this Court as an action properly removed to it.

                                            Respectfully submitted,

Dated: August 10, 2011          By:  /s/ Robert C. Brady
      Newark, New Jersey           Patrick C. Dunican, Jr.
                                          Robert C. Brady
                                          Timothy J. Duva
                                          **GIBBONS P.C.**
                                          One Gateway Center
                                          Newark, New Jersey  07102-5310
                                          Tel:  (973) 596-4617
                                          Fax:  (973) 639-8380

                                          *Attorneys For Defendant*
                                          *AAMCO Transmissions, Inc.*