NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**EMMANUEL OTIOGIAKHI,**

    **Plaintiff/Counter Defendant,**

v.

**AAMCO TRANSMISSIONS, INC.,**

    **Defendant/Counterclaimant.**

**Hon. Dennis M. Cavanaugh**
**Civil Action No. 11-4620 (DMC-JAD)**

<u>**REPORT AND RECOMMENDATION**</u>

---

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

    This matter has been referred to this Court for a Report and Recommendation on the motion of AAMCO Transmissions, Inc. ("ATI") for contempt sanctions against Emmanuel Otiogiakhi ("Plaintiff") for failure to comply with the preliminary injunction entered by the Honorable Dennis M. Cavanaugh, U.S.D.J. on November 17, 2011.  Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard.  After reviewing the submissions and for good cause shown; and

    **WHEREAS** Judge Cavanaugh entered an Order on November 17, 2011 (the "Order") granting ATI's motion for a preliminary injunction; and

    **WHEREAS** the Order provided, in relevant part, that Plaintiff was enjoined from:

        A. from using in any manner, including, without limitation, on or in any signs, stationery, letterheads, forms, printed material or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;

        B. from advertising or otherwise holding himself out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by, connected to or associated with ATI;

        C. from doing anything to cause potential purchasers of transmission repair services to believe that any services or repairs performed by Plaintiff or any

1

business with which he is associated originate with ATI or are endorsed or sponsored by ATI;

D. to deliver to ATI all materials from the Center, including without limitation, signs, stationery, letterhead, forms, printed matter and advertising that contain the proprietary marks "AAMCO", "AAMCO Transmissions", or similar names or marks;

E. to transfer to ATI or at ATI's direction, each telephone number listed by Plaintiff under the designation "AAMCO Transmission" or any similar designation, including the telephone number (732) 324-1777, and to execute any instruments and to take such steps as may be necessary or appropriate to transfer each such telephone number;

F. from engaging in, directly or indirectly, the transmission repair business within ten (10) miles of 209 New Brunswick Avenue, Perth Amboy, NJ 08861 or any other AAMCO Transmission Center;

[G]. to serve on ATI, within thirty (30) days after the issuance of this Order, a report in writing and signed under oath, setting forth in detail the measures undertaken by Plaintiff to comply herewith,

November 17, 2011 Order, ECF 21; and

**WHEREAS** this Court "has the inherent power to enforce compliance with its lawful orders through civil contempt," Essex Cnty. Jail Annex Inmates v. Treffinger, 18 F. Supp. 2d 445, 451 (D.N.J. 1998); and

**WHEREAS** in order for this Court to find Plaintiff in civil contempt, ATI must demonstrate by "clear and convincing evidence" that "(1) a valid court order existed, (2) the [Plaintiff] had knowledge of the order, and (3) the [Plaintiff] disobeyed the order," John T. ex rel. Paul T. v. Delaware Cnty Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003); and

**WHEREAS** it is clear from the record that a valid Order existed; and

**WHEREAS** it is clear that Plaintiff's counsel received notice of the Order, and, based on Plaintiff's counsel's letter dated December 12, 2011, it is apparent that Plaintiff was aware of the Order, see Certification of Robert C. Brady (the "Brady Certification"), Ex. C, ECF 27-5; and

**WHEREAS** ATI has asserted that Plaintiff has violated the Order in multiple ways, including by: continuing to operate his facility as an "AAMCO" center; knowing continued use

2

of an AAMCO sign; holding himself out as an authorized franchisee; causing potential

purchasers to believe services are being performed by AAMCO; failing to deliver materials

containing proprietary marks "AAMCO," "AAMCO Transmissions," or similar names; failure to

transfer telephone numbers to ATI ; continuing to engage in a transmission repair business at 209

New Brunswick Avenue, Perth Amboy, New Jersey; and failing to provide ATI with a report

detailing Plaintiff's efforts to comply with the Order, see Br. at 6, ECF 27; Declaration of

Thomas Scotti, ECF 27-6; Brady Certification, ECF 27-2; and

WHEREAS Plaintiff has not filed any opposition to ATI's motion, or refuted ATI's

allegations in any way; and

WHEREAS, based on the foregoing, the Court finds that ATI has presented clear and

convincing evidence demonstrating that Plaintiff is in civil contempt for violating the Order; and

WHEREAS upon a finding of civil contempt, the Court " has broad discretion to fashion

a sanction that will achieve full remedial relief," John T. ex rel. Paul T., 318 F.3d at 554; and

WHEREAS "[s]anctions for civil contempt serve two purposes: to coerce the [party] into

compliance with the court's order and to compensate for losses sustained by the disobedience,"

Robin Woods, Inc. v. Woods, 28 F.3d 396, 400 (3d Cir. 1994);[1] and

WHEREAS "[c]ompensatory awards seek to ensure that the innocent party receives the

benefit of the injunction," id., but "[c]ompensatory sanctions… must not exceed the actual loss

suffered by the party that was wronged," Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992); and

---

[1] The Court notes that sanctions for civil contempt differ from those for criminal contempt in that former are intended to coerce or to compensate, while the latter are intended to punish. Taberer v. Armstrong World Indus. Inc., 954 F.2d 888, 896 (3d Cir.1992) ("Significantly, the key distinction between civil and criminal contempt lies in the court's purpose. Civil contempt sanctions are intended to coerce or to compensate; criminal contempt sanctions to punish."). Here, the Court's purpose in recommending sanctions is to compensate ATI and/or coerce Plaintiff's compliance with the Order, and therefore, falls squarely within civil contempt.

WHEREAS ATI requests that Plaintiff be ordered to pay ATI the sum of $1,500.00 per day for each day that Plaintiff violates the Court's Order; and

WHEREAS the $1,500.00 per day compensation is an *estimate* of Plaintiff's gross income, which is based on the *gross* transmission sales of the *average* AAMCO location; and

WHEREAS this Court finds that while ATI has provided this Court with an *estimate* of Plaintiff's gross income, Plaintiff's *gain* does not necessarily equal ATI's loss, and therefore, ATI has failed to demonstrate the *actual loss* suffered by ATI; and

WHEREAS since this Court does not have sufficient information to determine the actual loss suffered, it cannot accurately determine the appropriate amount for compensatory sanctions; and

WHEREAS, it is clear that ATI is entitled to remedial relief and the Court does find sanctions should be imposed in order to coerce Plaintiff into complying with this Court's Order and

WHEREAS, based on estimated gross income of the average AAMCO location, the Court finds that an amount of $750.00 per day for each day Plaintiff failed to comply is an amount sufficient to coerce Plaintiff into complying;[2]

IT IS on this ___23___ RD day of August, 2012,

RECOMMENDED that the Court find Plaintiff in civil contempt for failure to comply with the Court's Order and grant ATI's motion for contempt sanctions; and

IT IS FURTHER RECOMMENDED that the Court order Plaintiff to pay ATI $750.00 per day for each day Plaintiff violated the Court's Order; and

---

[2] The Court notes that "[i]f civil contempt sanctions are not designed to punish, they may be retroactive," because in order to "achieve full remedial relief," oftentimes sanctions involve "ordering payment for the costs of past non-compliance." John T. ex rel. Paul T., 318 F.3d at 554.

**IT IS FURTHER RECOMMENDED** that the Court award ATI reasonable attorneys' fees and costs incurred as a result of Plaintiff's failure to comply with the Court's Order; and

**IT IS FURTHER RECOMMENDED** that the Court order ATI to submit a Certification of Services to the Court setting out the fees and costs incurred as a result of Plaintiff's failure to comply with the Court's Order within fourteen (14) days of the Court's decision on this Report and Recommendation.

_____

JOSEPH A. DICKSON, U.S.M.J.

cc:     Honorable Dennis M. Cavanaugh, U.S.D.J.